UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL HOOTEN,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )    No. 2:24-cv-00482-JPH-MKK
                                         )
CENTURION HEALTH LLC.,                   )
BYRD,                                    )
JOHN DOE,                                )
                                         )
                    Defendants.          )

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER
PROCEEDINGS**

Plaintiff Michael Hooten, who is incarcerated at Wabash Valley
Correctional Facility, filed this civil action raising a variety of federal and state-
law claims. Because the plaintiff is a "prisoner," this Court must screen the
complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is
frivolous or malicious, fails to state a claim for relief, or seeks monetary relief
against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To
determine whether the complaint states a claim, the Court applies the same
standard as when addressing a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).
Under that standard, a complaint must include "enough facts to state a claim
to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

1

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

In the complaint Mr. Hooten names three defendants: (1) Centurion Health LLC; (2) Dr. Byrd; and (3) Dr. John Doe. Mr. Hooten subsequently filed a notice that Dr. Doe's name is Dr. Michael Hans. Dkt. 10.

Mr. Hooten bases his complaint on the following allegations, which the Court assumes to be true for purposes of screening:

Mr. Hooten was previously diagnosed with Multiple Sclerosis (MS). He was seen by a neurologist in January 2023 who scheduled an MRI for Mr. Hooten in March 2023. Mr. Hooten's March 2023 MRI came back with negative results.[1] He was scheduled to see another neurologist, Dr. Hans, in November 2023, but a custody error caused Mr. Hooten to be late to and miss that appointment. He was rescheduled for March 2024. Dr. Hans made no efforts to obtain Mr. Hooten's previous MRI results. During the March 2024 appointment, Dr. Hans mentioned that he would have been willing to upgrade Mr. Hooten's treatment if he had received Mr. Hooten's previous MRI results

---

[1] The Court understands Mr. Hooten's use of "negative results" to mean that the results were bad, and his health was in decline.

from Centurion or Dr. Byrd but could not do so without them. Dr. Hans ordered another MRI to take place in June 2024.

Leading up to the June 2024 MRI, Mr. Hooten experienced significant physical decline. He had an MS relapse in April 2024 and now requires assistance with his normal daily activities including walking, as he has lost use of his right leg. He also experiences mobility issues in other limbs. The June 2024 MRI showed further negative results and significant decline.

Due to Centurion and Dr. Byrd's failure to forward documentation of Mr. Hooten's previous MRI, his ability to receive care was continually impacted leading to permanent disabilities that were preventable with proper and timely care. As a result, he has suffered pain, as well as emotional distress.

Mr. Hooten seeks compensatory damages, punitive damages, and attorney's fees if necessary.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Mr. Hooten's Eighth Amendment claim against Dr. Hans is **dismissed** because there are insufficient facts in his complaint to support an inference that Dr. Hans was a state actor.

> Section 1983 provides a cause of action against "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State*" deprives someone of a federal constitutional or statutory right. (Emphasis added.) As its text makes clear, this provision

protects against acts attributable to a State, not those of a private person.

*Lindke v. Freed*, 601 U.S. 187, 194 (2024). Whether an outside specialist functions as a state actor "is a functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner." *Shields v. Ill. Dep't. of Corrections*, 746 F.3d 782, 797 (7th Cir. 2014). If a private physician's interaction with an inmate is "incidental and transitory," the provider is not a state actor. *Id.* at 798 (affirming summary judgment where specialist treated incarcerated plaintiff on only one occasion). Mr. Hooten's allegations indicate he saw Dr. Hans on only one occasion, during which Dr. Hans ordered an MRI because he did not have Mr. Hooten's previous MRI records. This one-time interaction is insufficient to treat Dr. Hans as a state actor.[2]

Mr. Hooten's Eighth Amendment claims against Centurion are **dismissed for failure to state a claim upon which relief can be granted**. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by

---

[2] If Mr. Hooten's interaction with Dr. Hans was ongoing and there is any indication that Dr. Hans had a contract with Centurion, that his practice focused on treating inmates, or that he regularly treated inmates as part of his practice, Mr. Hooten may file an amended complaint with these allegations. *Shields*, 746 F.3d at 798. Regardless, Mr. Hooten would have to file an amended complaint because his original complaint only lists "Dr. John Doe."

the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Here, although Mr. Hooten alleges that "Centurion" failed to convey the March 2023 MRI results to the outside specialists, Centurion is not a person. Moreover, Centurion cannot be held liable for the acts of its employee, Dr. Byrd.

And although Mr. Hooten repeatedly alleges that Centurion had policies, practices, or customs that resulted in deliberate indifference to his serious medical condition, he does not plead facts that could support such an inference.  Instead, Mr. Hooten makes only conclusory allegations that Centurion had widespread customs, practices, and policies of not properly training medical staff how to diagnose or treat prisoners; denying prisoners access to medical care for serious medical conditions; and denying Mr. Hooten access to emergency medical care and prevention methods.  Dkt. 1 at 8.  If Mr. Hooten is aware of any facts that could support such allegations, he must state them in his amended complaint.

The following claims **shall proceed**:

Eighth Amendment deliberate indifference claims against Dr. Byrd based on Mr. Hooten's allegation that Dr. Byrd knowingly failed to convey vital information—Mr. Hooten's March 2023 MRI results—to an outside specialist and that this failure resulted in serious physical harm to Mr. Hooten.

Additionally, state-law breach-of-contract claims **shall proceed** against Centurion on the theory that Mr. Hooten is a third-party beneficiary to the contract between Centurion and IDOC to provide constitutionally adequate medical care to inmates. *See Dodd v. Wexford Med. Inc.*, No. 3:19CV299-PPS/MGG, 2021 WL 1634424, at *4 (N.D. Ind. Apr. 27, 2021) (permitting similar claim to proceed, but noting that plaintiff may not be able to demonstrate that he is an intended beneficiary of the contract); *Harper v. Corizon Health Inc.*, No. 2:17-CV-228-JMS-DLP, 2018 WL 6019595, at *8-9 (S.D. Ind. Nov. 16, 2018) (dismissing a breach of contract claim against Corizon on summary judgment because the plaintiff did not demonstrate that he was a third-party beneficiary of the contract between Corizon and the IDOC)).

The action **will also proceed** with Indiana negligence and intentional infliction of emotional distress claims against Dr. Byrd and Centurion based on allegations of denied or delayed appropriate or necessary medical care.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Hooten believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 24, 2025,** in which to file an amended complaint.

The **clerk is directed** to terminate "John Doe, Dr., Neurologist Provider", as a defendant on the docket.

## IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Dr. Byrd and Centurion in the manner specified by Rule 4(d). Process shall consist of the complaint filed on October 9, 2024, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve both Dr. Byrd and Centurion electronically.

Defendant Dr. Byrd is identified as an employee of Centurion. Centurion is ORDERED to provide the full name and last known home address of Dr. Byrd if he does not waive service if they have such information. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/28/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

7

Distribution:

Electronic service to Centurion and employee:
    Dr. Byrd

MICHAEL HOOTEN
988796
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838